IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL ZEISS MEDITEC, INC. and UNIVERSITY OF MIAMI, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 10-084-GMS |
| OPTOVUE, INC., | ) ) | |
| Defendant. | ) ) ) | |

## **MEMORANDUM**

### **I. INTRODUCTION**

On February 2, 2010, Carl Zeiss Meditec, Inc. ("CZM") initiated the above-captioned patent infringement action against Optovue, Inc. ("Optovue"), alleging that Optovue's RTVue product infringes two patents licensed to CZM by the University of Miami. (D.I. 1.) On May 4, 2010, CZM filed its first amended complaint, alleging infringement of a third patent licensed to CZM by the University of Miami. (D.I. 6.) On October 22, 2010, the court granted CZM's unopposed motion to join the University of Miami as a necessary plaintiff. (D.I. 22.) Presently before the court is Optovue's motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to dismiss for lack of standing under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).[1] (D.I. 7.) For the reasons that follow,

---

[1] The court's October 22, 2010 order granting CZM's unopposed motion to join the University of Miami as a necessary plaintiff renders Optovue's motion moot to the extent it seeks a dismissal of the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). (D.I. 22.) As such, the court shall deny as moot Optovue's motion to the extent it seeks dismissal of the action for lack of standing under Rules 12(b)(1) and 12(b)(7). The court directs CZM to

the court will deny Optovue's motion and direct CZM to amend its complaint to reflect the joinder of the University of Miami as a plaintiff.

## II. BACKGROUND

Optovue is an ophthalmic instrumentation company incorporated in Delaware and headquartered in Fremont, California. (D.I. 8 at 3.) The accused RTVue product manufactured by Optovue in its Fremont facility is an ultra-high speed, high resolution optical coherence tomography ("OCT") scanner used to facilitate detection, diagnosis and treatment of ocular diseases. (Id.) Optovue's management is located in Fremont, and its board meetings, research, development and manufacturing activities occur in Fremont. (Id.) Over eighty percent of Optovue's full-time U.S. employees, including all forty of its engineers, work in the Fremont facility. (Id.) Optovue's U.S. employees working outside of California include direct sales staff and field application specialists who are scattered throughout the U.S. (Id. at 3-4.)

CZM is a New York corporation headquartered in Dublin, California. (Id. at 4.) CZM is a wholly owned subsidiary of Carl Zeiss Meditec AG ("CZM AG"), which is based in Jena, Germany. (Id.) CZM AG employs 2,100 people worldwide, with approximately 750 employees working at the company's Dublin headquarters. (Id. at 5.) CZM exclusively licenses the rights to the patents-in-suit from the University of Miami, which owns all right, title and interest in the patents-in-suit. (Id. at 6.)

The University of Miami is incorporated under the laws of Florida and has an established place of business in Miami, Florida. (Id.) Three of the four named inventors of the patents-in-suit, Dr. Robert Knighton, Dr. Shuliang Jiao and Dr. Giovanni Gregori, maintain affiliations with

---

amend its complaint to reflect the joinder of the University of Miami as a plaintiff.

the University of Miami's Bascom Palmer Eye Institute. (Id.) The fourth inventor, Dr. Carmen A. Puliafito, works at the University of Southern California. (Id. at 5.)

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden to establish the need to transfer rests on the moving party, and the "plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In other words, "unless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotations and citations omitted).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. This inquiry requires a multi-factored test which includes not only the convenience of the parties and witnesses and the interests of justice, but also the private and public interests set forth in *Jumara*. *Id.* at 875. The private interests include the plaintiff's forum preference as manifested in the original choice,[2] the defendant's forum preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their physical and financial condition, the convenience of the expected witnesses,

---

[2] As part of this inquiry, the court considers whether the plaintiff filed on its "home turf," as "the transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred." *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002) (internal quotations omitted).

3

but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records, but only to the extent that they could not be produced in the alternative forum.[3] *Id.* at 879. The relevant public interests include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, and the local interest in deciding local controversies at home according to the public policies of the fora. *Id.* at 879-80.

## IV. DISCUSSION

In support of its motion, Optovue contends that none of the parties, potential witnesses, or other sources of proof is located in Delaware, and the only connection to Delaware is Optovue's incorporation there. (D.I. 8 at 1.) According to Optovue, the Northern District of California would be a more convenient forum because that is where both Optovue and CZM are headquartered, where nearly all of Optovue's employees work, where the accused RTVue product is designed, developed and manufactured, and where many of the documents, records and witnesses are located. (Id.)

In response, CZM contends that litigating in California would not be significantly more convenient to the parties because both parties are large corporations with a national and international presence that will not be burdened by litigating in Delaware. (D.I. 11 at 7-8.) According to CZM, Optovue agreed to be sued in Delaware by choosing to incorporate there. (Id. at 8.) CZM contends that the witnesses will not be unduly inconvenienced by the Delaware

---

[3]The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Afymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998).

choice of forum because the witnesses are located throughout the country and internationally, and they have agreed to participate in the Delaware litigation. (Id. at 9-12.) Moreover, CZM contends that Optovue has failed to identify any witnesses or books and records that will be unavailable for trial. (Id. at 12-13.) With respect to the public interest factors, CZM contends that Delaware has a strong local interest in resolving this dispute involving a Delaware corporate citizen, and Delaware's flexible local rules and alternative dispute resolution procedures will promote efficiency. (Id. at 13.)

As an initial matter, the court notes that this case could have been brought in the Northern District of California. Any federal district court possesses subject matter jurisdiction over federal patent law claims such as those at issue in the present action. 28 U.S.C. §§ 1331 and 1338. Furthermore, any civil action for patent infringement may be brought in the judicial district where the defendant resides or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400. Thus, venue is proper in the Northern District of California where Optovue's principal place of business is located.

Having determined that CZM could have properly brought this action in the Northern District of California, the court now considers whether Optovue has met its burden of demonstrating that transfer is appropriate. Although CZM's choice of forum is entitled to less weight because it has chosen to litigate outside of its "home turf," *see In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993), Optovue is incorporated in Delaware. Having received the benefits of Delaware incorporation, Optovue cannot now complain that another corporation has chosen to sue it here. *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co., Inc.*, C.A. No. 06-187-GMS, 2006 WL 3783477, at *2 (D. Del. Dec. 21, 2006). Moreover, this

court has held that it is legitimate to sue a Delaware corporation in its state of incorporation, and "a plaintiff's choice of forum should not be disregarded if it poses a rational and legitimate reason for selecting a forum." *Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*, C.A. No. 10-1127, 2011 WL 864911, at *3 (D. Del. Mar. 9, 2011).

A defendant's incorporation in Delaware, by itself, is not dispositive on a motion to transfer if an alternative forum would be more convenient. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002). However, the court concludes that Optovue has also failed to demonstrate a specific physical or financial condition that would make litigating in Delaware burdensome. Party witnesses such as employees are presumed willing to testify at trial and thus, are not part of the analysis of this factor. *Nice Sys., Inc. v. Witness Sys., Inc.*, C.A. No. 06-311-JJF, 2006 WL 2946179, at *2 (D. Del. Oct. 12, 2006). While it is true that none of the potential third-party witnesses identified by the parties appear to reside in Delaware, Optovue fails to demonstrate that any witness is unable or unwilling to travel to Delaware. As this court has previously held, a flight to Delaware is not an onerous task warranting transfer. *Auto. Techs. Int'l, Inc.*, 2006 WL 3783477, at *2. Accordingly, the court concludes that the convenience of the witnesses does not favor transfer in this case.

The court also concludes that the location of relevant documents does not heavily favor transfer because Optovue failed to demonstrate that the relevant documents could not be produced in Delaware. As this court has previously noted:

> [T]echnological advances have substantially reduced the burden of having to litigate in a distant forum . . . These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded and can be transferred and have lowered the cost of moving that information from one place to another.

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993). Accordingly, this factor does not weigh in favor of transfer.

Finally, the court concludes that the public interest factors are neutral. Although it may be less costly for Optovue to try this case in the Northern District of California, Optovue has not shown that proceeding in Delaware would present a financial hardship. *See Academisch*, 2011 WL 864911, at *5. Moreover, because this is a patent infringement case, local concerns are not implicated. *See TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).

## V. CONCLUSION

For the reasons stated above, Optovue's motion to transfer venue or, in the alternative, to dismiss under Rules 12(b)(1) and 12(b)(7) (D.I. 7) is denied, and CZM is directed to amend its complaint to join the University of Miami as a plaintiff. An appropriate order shall issue.

Dated: April 12, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARL ZEISS MEDITEC, INC. and UNIVERSITY OF MIAMI, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 10-084-GMS |
| OPTOVUE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Optovue's motion to transfer venue or, in the alternative, to dismiss for lack of standing under Rules 12(b)(1) and 12(b)(7) (D.I. 7) is DENIED.

2. CZM shall amend its complaint to join the University of Miami as a plaintiff within twenty (20) days of the entry of this order.

Dated: April 12, 2011

CHIEF, UNITED STATES DISTRICT JUDGE