UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC. AND UNIVERSITY OF MIAMI,<br><br>            Plaintiffs,<br><br>     v.<br><br>OPTOVUE, INC.,<br><br>            Defendant. | 1:10-cv-00084-GMS |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE
A THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**

FISH & RICHARDSON P.C.

Thomas L. Halkowski (#4099)
halkowski@fr.com
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone:  (302) 652-5070

Howard G. Pollack
pollack@fr.com
Shelley K. Mack
mack@fr.com
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5003

**ATTORNEYS FOR PLAINTIFFS CARL ZEISS
MEDITEC, INC. AND UNIVERSITY OF MIAMI**

Dated:  May 2, 2011

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................1

II. NATURE AND STATE OF PROCEEDING AND SUMMARY OF
    ARGUMENT........................................................................................................1

III. STATEMENT OF RELEVANT FACTS .............................................................3

IV. LEGAL STANDARD............................................................................................4

V.  ARGUMENT.........................................................................................................5

    A.  Allowing These Amendments Would Cause No Undue
        Prejudice to Optovue..................................................................................5

    B.  Plaintiffs Have Not Delayed Unreasonably and Are Not Acting
        in Bad Faith................................................................................................6

    C.  The Remaining *Foman* Factors Are of Minimal Relevance In
        This Case....................................................................................................7

VI. CONCLUSION......................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Arthur v. Maersk,*
    434 F.3d 196 (3rd Cir. 2006) ................................................................................................9, 10

*Bechtel v. Robinson,*
    886 F.2d 644 (3rd Cir. 1989) ................................................................................................9, 10

*Bjorgung v. Whitetail Resort, LP,*
    550 F.3d 263 (3rd Cir. 2008) ................................................................................................8, 10

*Cordance Corp. v. Amazon.com, Inc.,*
    255 F.R.D. 366 (D. Del. 2009) . No ............................................................................................11

*Foman v. Davis,*
    371 U.S. 178 (1962) ..........................................................................................................8, 9, 11

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007) ..................................................................................................12

*Micron v. Rambus,*
    409 F.Supp.2d 552 (D. Del. 2006) ..............................................................................................10

*Roquette Freres v. SPI Pharma, Inc.,*
    2009 WL 1444835 (D. Del. 2009) ..............................................................................................11

*Shave v. Fauver,*
    213 F.3d 113 (3rd Cir. 2000) ........................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................12

Fed. R. Civ. P 15(a) ......................................................................................................................5, 8

Fed. R. Civ. P. 15(a)(2) ......................................................................................................................8

Local Rule 15.1(a) .............................................................................................................................7

Local Rule 15.1(b) .............................................................................................................................7

**I.      INTRODUCTION**

By this motion, Plaintiffs Carl Zeiss Meditec, Inc. ("CZMI") and University of Miami ("University") (collectively, "Plaintiffs") seek the Court's leave to file a Third Amended Complaint adding allegations of infringement of U.S. Patent No. 5,537,162 (the "'162 patent") and U.S. Patent No. 7,924,429 (the "'429 patent") by Defendant Optovue, Inc. ("Optovue"). Defendant does not oppose Plaintiffs' request to amend the complaint to state a claim for infringement under the '429 patent, but Optovue does oppose Plaintiffs' request to amend the complaint to allege infringement of the '162 patent. As set forth below, Plaintiffs have not unreasonably delayed in making this amendment, and the amendment would not unduly prejudice Optovue's ability to respond to Plaintiffs' allegations. Plaintiffs thus respectfully request that the Court grant them leave under Fed. R. Civ. P 15(a) to file the Third Amended Complaint.

**II.     NATURE AND STATE OF PROCEEDING AND SUMMARY OF ARGUMENT**

1. CZMI filed its original complaint in this case against Optovue on Feb. 2, 2010. [D. I. 1.] In that complaint, CZMI alleged that Optovue's RTVue optical coherence tomography product infringes U.S. Patent Nos. 7,301,644 (the "'644 patent") and 7,505,142 (the "'142 patent").

2. CZMI filed a First Amended Complaint on May 4, 2010 as a matter of course under F.R.C.P. 15(a), since Optovue had not yet filed a responsive pleading at that time. [D. I. 6.] The First Amended Complaint added a new cause of action alleging that Optovue's RTVue product infringes U.S. Patent No. 7,659,990 (the "'990 patent").

3. On June 2, 2010, Optovue filed a Motion to Transfer Venue or Dismiss [D. I. 7]. On June 21, 2010, Plaintiffs filed an opposition to that motion. [D. I. 11.] Optovue filed a reply

1

brief in support of its motion on July 1, 2010. [D.I. 20.] The Court denied Optovue's motion to transfer or dismiss in an order issued April 13, 2011. [D.I. 24.]

    4.    On June 21, 2010, CZMI filed an unopposed motion for leave to add the University of Miami ("University") as a Plaintiff in this case. [D. I. 17.] This Court granted that motion in an order issued October 22, 2010. [D.I. 22.] Pursuant to the Court's April 13, 2011 order, Plaintiffs are filing concurrently herewith a Second Amended Complaint adding the University as a plaintiff in this case.

    5.    On April 13, 2011, the '429 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Ex. A, at Ex. 5.

    6.    There has been no initial case management or scheduling conference in this case, and no scheduling order has been issued. Optovue has not responded yet to the substance of either the original or the First Amended Complaint. Discovery has not yet commenced.

    7.    The amendment would in no way prejudice Optovue. Defendant does not oppose Plaintiffs' request to amend the complaint to state a claim for infringement of one of the additional patents, the '429 patent. *See* Declaration of Shelley K. Mack in Support of Plaintiffs' Motion for Leave to File a Second Amendment Complaint ("Mack Decl."), filed concurrently herewith, at ¶ 4, Ex. B. This litigation is in its early stages and Optovue will have ample opportunity to gather and present facts and evidence to make its case in response to Plaintiffs' allegations under both the '429 patent and the '162 patent. Furthermore, adding these two patents to this case would streamline matters for both the parties and this Court compared to filing a completely new lawsuit involving the same parties and accused products.

    8.    Plaintiffs have not unreasonably delayed or acted in bad faith in proposing this amendment at this time. The '429 patent did not issue until April 13, 2011, and in order to

present its amendments most efficiently for the Court and the parties, Plaintiffs have consolidated their request to add both the '429 and the '162 patents to this suit in a single motion for leave to amend.[1]  No initial case management or scheduling conference has been set in this matter and no scheduling order has been issued, so no scheduled deadlines will be missed or delayed if leave to amend the complaint is granted.  Furthermore, discovery has not yet begun and no discovery cutoff has been set.

### III.   STATEMENT OF RELEVANT FACTS

Plaintiffs' proposed Third Amended Complaint[2] would add a an allegation of infringement of the '162 patent by its RTVue product, an amendment which Optovue opposes. *See* Ex. A at ¶¶ 33-38 and "Prayer for Relief;" Mack Decl., Ex. B.  The Second Amended Complaint currently accuses the *same* RTVue product of infringing the '644, '142 and '990 patents.  The proposed Third Amended Complaint would also add an allegation of infringement of the '429 patent by its RTVue and iVue optical coherence tomography products, an amendment which Defendant does not oppose.  *See* Ex. A at ¶¶ 39-45 and "Prayer for Relief;" Mack Decl., Ex. B.

As indicated in the attached Third Amended Complaint, one of the products accused of infringing the '162 and '429 patents is Optovue's RTVue product, the same product accused by

---

[1] Plaintiffs first informed Optovue of their intent to seek leave to file a Third Amended Complaint adding infringement claims under the '162 patent on November 12, 2010.

[2] Pursuant to Civil Local Rule 15.1(a), a clean copy of Plaintiffs' proposed Third Amended Complaint is attached hereto as Exhibit A.  Attached as Exhibit B, pursuant to Civil Local Rule 15.1(b), is a redlined version of Plaintiffs' proposed Third Amended Complaint showing all changes from the Second Amended Complaint.

Plaintiffs' existing infringement allegations.[3] Ex. A at ¶¶ 16, 23, 30, 36, and 43. Like the RTVue, the Optovue iVue product accused in Plaintiffs' proposed Third Amended Complaint is also an optical coherence tomography device. The iVue product was launched first in Europe in January 2010 (Mack Decl., Ex. 1), and Optovue began selling the iVue product in the United States in June, 2010 (*id*., Ex. 2). Once the iVue product was released in the United States, Plaintiffs began conducting due diligence to determine whether the iVue infringed any of their patents, and after obtaining the requisite information to perform that analysis, concluded several weeks ago that infringement claims were warranted.

## IV.  LEGAL STANDARD

When a party already has amended its pleading, further amendments require written consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). Upon a party's motion for leave to amend, "[t]he court should freely give leave when justice so requires." *Id.*

The Supreme Court interpreted Rule 15(a) in *Foman v. Davis*, 371 U.S. 178 (1962). The *Foman* court held that the analysis should focus on several factors that may indicate that an amendment should not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." 371 U.S. at 182. In the absence of such facts, leave to amend should be granted. *Id.* The *Foman* factors have been applied consistently by the Third Circuit. *See, e.g., Shave v. Fauver*, 213 F.3d 113 (3rd Cir. 2000); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3rd Cir. 2008).

---

[3]  The iVue product Plaintiffs also accuse (along with the already-accused RTVue product) of infringing the '429 patent is closely related to the RTVue, and Optovue does not oppose its addition to this suit in any event. *Id*. at ¶ 43; Mack Decl., Ex. B.

Of all the *Foman* factors, undue prejudice to the non-movant is considered the most important. *See Arthur v. Maersk*, 434 F.3d 196, 204 (3rd Cir. 2006). When analyzing prejudice, the "non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3rd Cir. 1989) (internal quotation marks omitted).

V.     ARGUMENT

    A.     **Allowing These Amendments Would Cause No Undue Prejudice to Optovue**

Allowing Plaintiffs to amend their complaint to include additional and related infringement allegations under the '162 and '429 patents would not unduly prejudice Optovue. Defendant would not be deprived of any opportunity to locate or present facts or evidence and would not suffer any other prejudice by Plaintiffs' amendment at this nascent stage of the proceedings.

This litigation is still in its early stages. Optovue has yet to even respond substantively to either of Plaintiffs' complaints. No date has been set for the initial scheduling conference in this matter, no scheduling order has been proposed or issued, and no formal discovery has commenced. Plaintiffs certainly have not missed any deadline for amending the pleadings, as no such deadline has been set in this case.

The addition of Plaintiffs' new infringement allegations under the '162 and '429 patents will not impose any substantial burden on Optovue in terms of discovery or trial preparation, since the same product (the RTVue) is accused under both those new infringement allegations and the existing First Amended Complaint. While the proposed Second Amended Complaint also accuses Optovue's iVue product of infringing the '429 patent, that allegation will cause no substantial burden on Optovue since the iVue product is closely related to the RTVue, and

5

Optovue consents to amendment of the complaint to state this new allegation in any event. Even if some minimal additional burden were imposed as a result of Plaintiffs' proposed amendments, the facts here fall well short of the *Bechtel* standard of deprivation of the opportunity to present evidence given the early stage of these proceedings. Optovue will have a full and ample opportunity to uncover and present evidence pertaining to Plaintiffs' new infringement allegations as discovery commences and proceeds.

In fact, addition to this case of Plaintiffs' new infringement allegations is likely to ***streamline*** the parties' overall business dispute. Plaintiffs would be entitled to file a separate suit against Optovue alleging infringement of the '162 and '429 patents. But, adding these new allegations to the present suit will result in less overall burden on the parties, since there is factual overlap as to the identity of the parties and the accused products. *See Micron v. Rambus*, 409 F.Supp.2d 552, 558-59 (D. Del. 2006) (granting leave to amend where factual and legal issues in the existing and proposed amended complaints overlapped).

**B.  Plaintiffs Have Not Delayed Unreasonably and Are Not Acting in Bad Faith**

Mere delay itself is not a sufficient basis on which to deny leave to amend the pleadings in the Third Circuit. *Arthur v. Maersk*, 434 F.3d at 204.[4] Moreover, there has been no significant or unduly prejudicial delay here. This litigation is still in its early stages. As explained above, no initial case management or scheduling conference has been set, and discovery has not commenced. There is no schedule set for claim construction, the close of fact discovery, or the beginning of trial.

---

[4]  Cases such as *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3rd Cir. 2008) are consistent with *Arthur*. In *Bjorgung*, leave to amend was denied due to "undue delay," but the plaintiff had failed to amend for *three years* after learning he had named the wrong defendant, leading to actual prejudice, not mere delay. *Id*. at 266.

Delay typically becomes an issue when a party attempts to amend its pleading after a court-ordered deadline for such amendments, or after discovery has closed. *See Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835 (D. Del. 2009) (leave granted despite delay); *see also Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366 (D. Del. 2009) (leave granted despite discovery having closed). No such deadlines have been imposed yet in this case, let alone passed.

Plaintiffs have not unreasonably delayed in bringing these new infringement allegations, and no facts exist to suggest that Plaintiffs have acted in bad faith by proposing this amendment. Once the iVue product launched in the United States, Plaintiffs began conducting due diligence to determine whether additional infringement claims were warranted, and only obtained sufficient information to make that determination several weeks ago. Given the impending issuance at that time of the '429 patent, Plaintiffs combined their new infringement allegations against the iVue with their new infringement allegations under the '429 patent in order to streamline amendment proceedings for both the Court and the parties. The time spent conducting due diligence prior to bringing these new infringement allegations was not unreasonable – particularly, given that this matter is still at an early stage.

C. **The Remaining *Foman* Factors Are of Minimal Relevance In This Case**

The *Foman* standard also allows denial of leave to amend if the proposed amendment fails to cure deficiencies in previous pleadings, or if the amendment would be futile. 371 U.S. at 182. Here, no deficiencies have been identified in any of Plaintiffs' prior pleadings; Plaintiffs simply seek to add new allegations of infringement of two patents not previously in suit. This *Foman* factor thus is irrelevant.

Nor would Plaintiffs' new infringement allegations be futile. As the attached proposed Third Amended Complaint shows, Plaintiffs have alleged that particular Optovue products

infringe (the RTVue and iVue products) and have identified the particular patent laws implicated by Optovue's conduct (*i.e.*, the prohibitions against direct and indirect infringement). Ex. A at ¶¶ 36, 43. This is sufficient to state a claim and would not be a futile amendment. *See* Fed. R. Civ. P. 12(b)(6); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant them leave to file their Third Amended Complaint against Optovue.

Dated: May 2, 2011   FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
　　Thomas L. Halkowski (#4099)
　　222 Delaware Avenue, 17th Floor
　　P.O. Box 1114
　　Wilmington, DE 19801
　　Telephone: (302) 652-5070
　　Facsimilie: (302) 652-0607

　　Howard G. Pollack　CA SBN 162897
　　Shelley K. Mack　CA SBN 209596
　　500 Arguello Street, Suite 500
　　Redwood City, CA 94063
　　Telephone: (650) 839-5003
　　Facsimile: (650) 839-5071

　　**ATTORNEYS FOR PLAINTIFFS**
　　**CARL ZEISS MEDITEC, INC. AND UNIVERSITY OF MIAMI**